IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**GARY LEON WEBSTER**                                                                      **PLAINTIFF**
**ADC #114018**

v.                                    **CASE NO. 3:22-CV-00049-BSM**

**BJ SMITH**                                                                                 **DEFENDANT**

## ORDER

Plaintiff Gary Webster's motion to proceed *in forma pauperis* [Doc. No. 1] is denied, and this case is dismissed without prejudice.

The Prison Litigation Reform Act provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit on February 28, 2022, Webster filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Webster v. Does*, 3:19-CV-00059 DPM (E.D. Ark.); *Webster v. Pigg*, 3:19-CV-00060 DPM (E.D. Ark.); and *Webster v. Day Inn Motels, Inc.*, et al., 3:19-CV-00078 DPM (E.D. Ark.). Nevertheless, Webster may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under

imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Webster asserts that he was not read his Miranda rights when he was arrested. This allegation does not indicate that he is in imminent danger of serious physical injury. Thus, it would be futile to direct Webster to file an application to proceed *in forma pauperis*.

For the reasons stated above, this case is dismissed due to Webster's failure to pay the filing fee. Webster will have thirty (30) days from the date of this order to reopen this case by paying the $402 filing fee in full. It is certified that, pursuant to 28 U.S.C. section 1915(a)(3), an *in forma pauperis* appeal from this order or the accompanying judgment would not be taken in good faith.

IT IS SO ORDERED this 10th day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE